Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 10-31068 (LMW) |
| | ) | | |
| MICHAEL T. LEE and MAE J. LEE, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTORS. | ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | | |
|---|---|---|---|
| ANNIE CHU, | ) | ADV. PRO. NO. | 10-3043 |
| | ) | | |
| PLAINTIFF | ) | | |
| | ) | ECF NOS. | 1, 14 |
| vs. | ) | | |
| | ) | | |
| MICHAEL T. LEE and MAE J. LEE, | ) | | |
| | ) | | |
| DEFENDANTS. | ) | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Annie Chu                                                                *Pro Se* Plaintiff
20 Cross Street, Unit 8
Westport, CT 06880

Michael T. Lee and Mae T. Lee                              *Pro Se* Debtors/Defendants
1410 Dunbar Hill Road
Hamden, CT 06514

**BRIEF MEMORANDUM OF DECISION RE: DISCHARGEABILITY OF DEBT**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** the above-referenced debtor/defendants (the "Debtors") commenced this chapter 7 case by a petition filed on April 9, 2010;

**WHEREAS,** on July 14, 2010, the above-referenced plaintiff (the "Plaintiff") commenced this adversary proceeding by the filing of a complaint (*see* ECF No. 1);

**WHEREAS,** on September 7, 2010, the Plaintiff filed an amended complaint (ECF No. 14, the "Amended Complaint");

**WHEREAS,** on September 8, 2010, the Debtors filed their answer to the Amended Complaint (*see* ECF No. 15);

**WHEREAS,** after several status conferences made necessary by the *pro se* status of the Debtors[1] and the Plaintiff, the adversary proceeding came on for a trial (the "Trial") on April 12, 2011. With respect to this nondischargeability claim, the female Debtor ("Mrs. Lee") testified for the Debtors at the Trial, and the Plaintiff testified for herself;[2]

**WHEREAS,** chapter 7 discharges were issued for the Debtors on April 13, 2011 (*see* Chapter 7 Case ECF No. 49, the "Discharges");

---

[1] The Debtors are represented by counsel in the chapter 7 case, but not in the adversary proceeding.

[2] A transcript of the Trial appear in the record as ECF No. 33. The Amended Complaint asserted both an objection to discharge pursuant to 11 U.S.C. § 727(a)(2) and a claim for nondischargeability pursuant to 11 U.S.C. § 523(a)(2). At the conclusion of the Trial, the court ruled against the Plaintiff on the Section 727(a)(2) issue and a confirming judgment subsequently was entered. (*See* ECF No. 33 at 140-142; ECF No. 30 disposition and judgment.) The court reserved the Section 523(a)(2) claim for later written disposition and judgment which is rendered and/or provided for herein.

**WHEREAS,** this court has jurisdiction over this proceeding as a core proceeding under 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of this District (Daly, C.J.);[3]

**WHEREAS,** this memorandum constitutes the findings of fact and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure;

**WHEREAS,** the Amended Complaint alleged in relevant part as follows:

- The Debtors obtained loans [(the "Loans")[4]] by knowingly giving false information to the Creditor who reasonably relied on the false information in making the [L]oans to the Debtors . . . .

- The Creditor has extended various [L]oans to the Debtors. The current unpaid balance of the [L]oans is $57,500.

- The [L]oans were extended to the Debtors based on the representation by the Debtors that the [L]oans . . . [would] be repaid by proceed[s] upon sale or refinance of a mortgage free rental property located at 322 Peck Street, New Haven, [(the "Property")]. The [P]roperty was subsequently refinanced but the [L]oans were not repaid with proceed[s]. The [P]roperty went into foreclosure due to non payment of mortgage despite continued rental income generated . . . .

(ECF No. 14.);[5]

---

[3]    That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . ."

[4]    The Loans were consolidated into a single loan and modified pursuant to the Note (as hereafter defined) on or about October 1, 2008. (*See* Plaintiff Exh. B.) It is to that loan consolidation and modification that the allegation of "fraudulent misrepresentation" relate.

[5]    No proof was introduced at the Trial with respect to rental income generated by the Property other than Mrs. Lee's testimony that the Property did not produce regular income (at least from and after the execution and delivery of the Note) (*see* ECF No. 33 at 111:3-6 (Mrs. Lee's testimony)).

**WHEREAS,** Bankruptcy Code § 523(a)(2)(A) allows the court to make a determination of nondischargeability for "any debt – for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C.A. § 523(a)(2)(A) (West 2011). "Section 523(a)(2)(A) lists three separate grounds for dischargeability: actual fraud, false pretenses, and a false representation." *Deady v. Hanson (In re Hanson),* 432 B.R. 758, 771 (Bankr. N.D. Ill. 2010). Exceptions to discharge must be strictly construed in favor of the debtor in order to effectuate the fresh start policy of bankruptcy. *Rosenblit v. Kron (In re Kron)*, 240 B.R. 164, 165 (Bankr. D. Conn. 1999) (Krechevsky, J.). Furthermore, the "debtor's conduct must involve moral turpitude or intentional wrong; mere negligence, poor business judgment or fraud implied in law (which may exist without imputation of bad faith or immorality) is insufficient." *Id.* at 165-66 (citation and internal quotation marks omitted). The party seeking to establish an exception to the discharge of a debt bears the burden of proof by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279 (1991); *Ramos v. Rivera (In re Rivera),* 217 B.R. 379, 384 (Bankr. D. Conn. 1998) (Dabrowski, J.).

**WHEREAS,** the Amended Complaint alleges a claim for nondischargeability based on "false representation." To establish nondischargeability on the basis of "false representation" it must be proved that: (1) the debtor made representations; (2) knowing them to be false; (3) with the intent and purpose of deceiving the creditor; (4) upon which representations the creditor actually and justifiably relied; and (5) which proximately caused the alleged loss or damage sustained by the creditor. *American Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 738, 744 (Bankr. D. Conn. 2002);

**WHEREAS,** at the Trial the Plaintiff introduced into evidence a copy of a certain Promissory Note dated October 1, 2008. (*See* Plaintiff Exh. B, the "Note.") The Note provided in relevant part as follows:

> Borrower: May J. Lee and Michael T. Lee - 1410 Dunbar Hill Rd., Handen [sic], CT 06514
> Lenders: Annie Chu and Lance Li[6] - 20 Cross Street, Unit 8, Westport, CT 06880
> Amount of Loan: US$62,327.84 (Sixty two thousands [sic] three hundred twenty seven U.S. dollars and eighty four cents)
>
> Terms of Loan:
>
> By signing this promissory note, borrowers acknowledge and agree to the following terms and conditions:
>
> - The total amount of the loan, $62,327.84 is comprised of three prior separate loans made by the lenders to the borrowers with amounts of $16,192.69, $26,135.15, and $20,000.00[.]
>
> - Borrowers agree to consolidate all three prior loans into a single loan.
>
> - Borrowers agree to pay $1,000 a month for seventy-two months on the 15th day of every month according to the amortization table as attached.[7] The first payment is due on January 15, 2009. The last payment will be due on December 15, 2014.
>
> - Borrowers can make additional principal payments of any amount along with any monthly installment. Should additional principal payments be made, the amortization table will be adjusted accordingly.
>
> - Borrowers agree upon selling or re-financing the [P]roperty . . . , this loan will be paid back as the first priority.[8]

---

[6] Mr. Li is not a named party to this or any other adversary proceeding in the underlying bankruptcy case.

[7] No amortization schedule is of record.

[8] That last sentence is hereafter referred to as the "Property Clause." The Trial record does not suggest who drafted the Note.

- 5 -

(Plaintiff Exh. B.);

**WHEREAS,** the existence and balance of the debt evidenced by the Note are not contested by the Debtors. The Debtors also do not contest that the Property was encumbered by a mortgage (the "Mortgage") at the time the Note was executed and delivered by the Debtors to the Plaintiff, and that the Mortgage subsequently went into foreclosure. What is contested by the Debtors is whether they misrepresented the state of title to the Property (*i.e.,* that the Property was "Mortgage free") in order to induce the Plaintiff to enter into the loan consolidation and modification evidenced by the Note;[9]

**WHEREAS,** at the Trial the Plaintiff testified that the Debtors (probably Mrs. Lee) represented to the Plaintiff that the Property was Mortgage free, and that she had relied on that representation when she entered into the loan consolidation and modification evidenced by the Note. (*See* ECF No. 33 at 104:11-105:24 (Plaintiff's testimony).);

**WHEREAS,** at the Trial Mrs. Lee testified that she did not tell the Plaintiff that the Property was Mortgage free. Rather, Mrs. Lee testified that the Property Clause evidenced her intention to sell the Property (thus satisfying the Mortgage and producing some equity), or to further encumber the Property (thus producing available mortgage proceeds). (*See* ECF No. 33 at 110:15-112:18 (Mrs. Lee's testimony).);[10]

---

[9] At the Trial, the Plaintiff did not pursue the allegation that the Property had been "refinanced."

[10] The Plaintiff also testified that, in some sense, the Property was a "gift" to Mrs. Lee from her mother and thus was mortgage free. (*See* ECF No. 33 at 105:21-24 (Plaintiff's testimony).) Mrs. Lee further testified that her mother gave her the down payment for the Property but that the Debtors had not acquired the Property Mortgage-free. (*See id.* at 110:15-25 (Mrs. Lee's testimony).)

**WHEREAS,** the court is more persuaded by Mrs. Lee's testimony than by the Plaintiff's testimony because the language of the Property Clause supports Mrs. Lee's version of events and not the Plaintiff's. That is because the use of the term "re-financing" in the Property Clause implies the then-current existence of the Mortgage. *See Pechinski v. Astoria Federal Savings and Loan Ass'n,* 345 F.3d 78, 82 (2d Cir. 2003) ("[T]he plain meaning of the word "refinancing" . . . is commonly understood to mean only the prepayment of one loan with the proceeds of another. *See* American Heritage Dictionary (4th ed. 2000) . . . .");[11]

**WHEREAS,** based upon the foregoing, the court is not persuaded that the Debtors misrepresented the state of title (*i.e.,* Mortgage-free) in connection with their execution and delivery of the Note to the Plaintiff. Accordingly, the Plaintiff's Section 523(a)(2) claim of nondischargeability must fail;[12]

**NOW, THEREFORE,** the court finds and/or concludes that all prepetition debts owing from the Debtors to the Plaintiff were discharged pursuant to the Discharges. A conforming judgment shall enter.

It is **SO ORDERED.**

Dated: May 2, 2011                                                BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge

---

[11] Even without the Property Clause, the court would find the evidence to be equally balanced and the Plaintiff still would have failed to meet her burden of proof.

[12] The court has considered all of the Plaintiff's remaining arguments on the nondischargeability claim and finds them to be inapposite or similarly unpersuasive.